PALMER, C.J.
Luis Harris (defendant) appeals the final order entered by the trial court denying his motion seeking post-conviction relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm the trial court’s ruling in all respects, except one.
The defendant argues that the trial court committed reversible error by summarily denying his “Addendum/Amended Ground VI on Defendant’s 3.850 Motion Alternatively, Request for Reconsideration” because the motion contained four new claims of ineffective assistance of counsel against his sentencing counsel. The defendant argues that the claims were new claims and, therefore, the trial court was required to either grant an evidentia-ry hearing on the claims or attach record documents that would demonstrate that the new claims were meritless. We agree.
*1177 Our courts have consistently ruled that a defendant is entitled to have the trial court rule on an amended rule 3.850 motion when the motion is filed before the date that the trial court enters a ruling on the merits of the defendant’s original motion, provided that the amended motion was filed within the rule’s two-year time limit and does not raise successive claims. See Gaskin v. State, 737 So.2d 509 (Fla.1999); Smith v. State, 987 So.2d 724 (Fla. 5th DCA 2008); Oxendine v. State, 824 So.2d 1022 (Fla. 5th DCA 2002).
Applying this case law to the instant facts, we conclude that this matter must be remanded to the trial court for consideration of three of the four claims set forth in the defendant’s “Addendum Motion”. In that regard, three of the four claims were not successive: the claims alleging ineffectiveness due to sentencing counsel’s (1) failure to move to recuse Judge Pig-gotte, (2) failure to move for reconsideration of the denial of the defendant’s motion for judgment of acquittal, and (3) failure to move to redact portions of the defendant’s pre-sentence investigation report. The fourth claim was successive since it alleged the same claim of ineffectiveness relating to sentencing counsel’s failure to object to the defendant’s alleged vindictive sentence as was raised in the defendant’s initial rule 3.850 motion.
AFFIRMED in part; REVERSED in part, and REMANDED.
GRIFFIN, J., and LAUTEN, F„ Associate Judge, concur.